# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1594

ANIBAL YOBANI SICAL-TOJ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of the Board of Immigration Appeals
Immigration Judge Steven A. Morley, No. A209-436-320

Before: SHWARTZ, BIBAS, and PHIPPS, *Circuit Judges*
Submitted Mar. 3, 2026; Filed Mar. 4, 2026

_____

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. To count as a refugee, an alien must show that he fears persecution based on a protected ground. Merely alleging a general fear of harm will not suffice. Anibal Sical-Toj's claims do not satisfy that test. Back in Sical-Toj's home country of Guatemala, gang members assaulted him and robbed his grandmother's house because he refused to join them. So he entered this country without authorization, was caught, and sought asylum, withholding of removal, and protection under the Convention Against Torture. The immigration judge denied relief because he had not shown that he had been or would be persecuted because he belonged to a particular social group, or that he would be tortured if forced to return to Guatemala. The Board of Immigration Appeals affirmed the denial of

_____

[*] This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

asylum and withholding on the merits and the denial of Convention relief because Sical-Toj had not raised it on appeal. We review the Board's factual findings for substantial evidence and its legal conclusions de novo. *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021).

The Board rightly affirmed the denial of asylum and withholding. Sical-Toj claimed that he feared future persecution because he had refused gang membership. He argues that makes him a member of a particular social group: "young men that are recruited into gangs or killed if they refuse." Pet'r's Br. 6. But to be cognizable, a group "must exist independently of the persecution suffered by the applicant." *Lukwago v. Ashcroft*, 329 F.3d 157, 172 (3d Cir. 2003). Said another way, "the persecution cannot be what defines the contours of the group." *Escobar v. Gonzales*, 417 F.3d 363, 367 (3d Cir. 2005). Yet the key defining characteristic of Sical-Toj's proposed group is that its members are "killed [after] they refuse" to join a gang—the very persecution that he fears if he must return to Guatemala. Pet'r's Br. 6.

What is more, Sical-Toj's proposed group is not socially distinct. To be cognizable, a group "must be perceived as a group by society." *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 179 (3d Cir. 2020) (citation and internal quotation marks omitted). But, as several of our sister circuits have concluded, mere targeting by a gang does not mean that members of the public see the target as part of a distinct group. *See, e.g.*, *Rodas-Orellana v. Holder*, 780 F.3d 982, 991–93 (10th Cir. 2015); *Umana-Ramos v. Holder*, 724 F.3d 667, 674 (6th Cir. 2013); *Gaitan v. Holder*, 671 F.3d 678, 682 (8th Cir. 2012); *Orellana-Monson v. Holder*, 685 F.3d 511, 516, 521–22 (5th Cir. 2012); *Mendez-Barrera v. Holder*, 602 F.3d 21, 24, 27 (1st Cir. 2010). Just the opposite: Such a person is "not in a substantially different

situation from anyone who has crossed the gang, or who is perceived to be a threat to the gang's interests." *Rodas-Orellana*, 780 F.3d at 992 (citation and internal quotation marks omitted). So Sical-Toj's proposed particular social group fails twice over. That dooms his asylum claim, and with it, his withholding claim. As a result, we need not reach Sical-Toj's argument that the Board erred by failing to consider his claims of past persecution in light of his age at the time. *See Saban-Cach v. Att'y Gen.*, 58 F.4th 716, 730 (3d Cir. 2023).

Sical-Toj also challenges the immigration judge's denial of Convention relief. But because he failed to exhaust that challenge before the Board, he cannot raise it on a petition for review. *See* 8 U.S.C. § 1252(d)(1); *Sanchez v. Att'y Gen.*, 147 F.4th 348, 352 (3d Cir. 2025). So we will DENY Sical-Toj's petition for review as to the asylum and withholding claims and DISMISS his Convention challenge.